UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARLA L. WOOTEN,

   Plaintiff,

              v.                        CASE NO.: 8:15-cv-1500-T-23MAP
UNITED STATES ATTORNEY'S OFFICE et al.,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for leave to proceed on appeal *in forma pauperis* (doc. 19). Plaintiff has filed an affidavit of indigency, but no motion in support thereof. On October 19, 2015, Plaintiff filed a Notice of Appeal, which challenges the Order dismissing her case (doc. 17). Notwithstanding her apparent indigent status, Plaintiff has no absolute right to appeal *in forma pauperis*. To the contrary, her ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D.Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997); s*ee generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no

chance of success").

On July 29, 2015, the district judge entered an Order dismissing without prejudice the Plaintiff's original complaint and directing the Plaintiff to file an amended complaint and either move to proceed *in forma pauperis* or pay the $400 filing fee by August 17, 2015 (doc. 9). Plaintiff asked for additional time to file an amended complaint, and the Court granted her request (doc. 11). However, the Plaintiff again failed to file an amended complaint by the Court's deadline and the Court dismissed this action with prejudice (doc. 16). Now, the Plaintiff has filed a notice of appeal but has failed to identify any colorable basis for appeal or for concluding that the Court's order dismissing her Complaint for failure to state a claim was in error. Moreover, the Court is unable to discern any such basis as Plaintiff has failed to file a motion supporting the basis of her appeal. I also note that Plaintiff has failed to comply with the requirements to proceed on appeal *in forma pauperis*. Although Plaintiff has filed an affidavit of indigency to proceed *in forma pauperis*, Plaintiff's affidavit does not comply with the requirements of Federal Rule of Appellate Procedure 24(a)(1), which requires Plaintiff's affidavit to state Plaintiff "claims an entitlement to redress; and state[] the issues that the [Plaintiff] intends to present on appeal." *Id.* Plaintiff's affidavit fails to include such statements. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. She is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3). Therefore, I RECOMMEND:

1. Plaintiff's Motion for Leave to Proceed on Appeal *in forma pauperis* (doc. 19) be DENIED.

IT IS SO REPORTED at Tampa, Florida on November 23, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.